## GAMMETER v. BACKDAHL.

(Court of Appeals of District of Columbia. Submitted May 14, 1920. Decided June 2, 1920.)

No. 1318.

Patents ☞90(5)—First inventor not affected by attempts to perfect before applying for patent.

Where it clearly appears that the first party to conceive an invention was in good faith engaged in perfecting it at the time his adversary entered the field, he should not be deprived of the fruits of his discovery because his efforts were not as successful as he hoped they would be, unless further tests were so unnecessary as to constitute evidence of negligence or bad faith; and that the further experiments led to nothing so far as benefiting the public was concerned, is immaterial.

Appeal from Assistant Commissioner of Patents.

Interference proceeding between John R. Gammeter and Carl Gustaf Alfred Backdahl. From a decision awarding priority to the latter, the former appeals. Reversed.

H. A. Dodge, of Washington, D. C., and Robert M. Pierson, of Akron, Ohio, for appellant.

W. Lee Helms and Chas. S. Jones, both of New York City, for appellee.

ROBB, Associate Justice. Appeal from a decision of an Assistant Commissioner of Patents in an interference proceeding awarding priority to the senior party, Backdahl. The invention relates to mandrels or cores for the formation and curing of pneumatic tires. Counts 1, 3, and 6 are sufficiently illustrative of the six counts of the issue, and are here reproduced:

"1. A fluid-tight, hollow, stretchable, metallic mandrel."

"3. A tire-making mandrel, comprising a fluid-tight, hollow, lead annulus, provided with an inlet for introducing an expanding fluid."

"6. A tire-making mandrel, comprising an inner rigid metallic ring adapted to fit between the halves of a tire mold, and an outer, annular, hollow, lead mandrel body thereon, provided with a fluid inlet pipe extending through said ring."

Backdahl is restricted to his filing date of December 14, 1915, for conception, disclosure, and constructive reduction to practice. Each of the Patent Office tribunals has found, and the evidence fully supports the finding, that Gammeter conceived and disclosed the invention September 7, 1915. The evidence clearly shows that from that time until the early part of June, 1916, he was endeavoring to evolve a fluid-tight and expansible lead core, adapted to produce a cord tire as

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

well as a fabric tire. A core that would produce either would be within the issue. The application drawings were commenced the latter part of May and completed late in June, when they were turned over to a patent attorney, who was very busy at the time, and later took a vacation extending over a month. There was further activity on the part of Gammeter in August of 1916, and the application was filed on November 8th following.

The Examiner of Interferences and the Board of Examiners in Chief held that Gammeter was diligent at the time Backdahl entered the field, and reasonably diligent from that time until the filing of his application. The Assistant Commissioner disagreed with this finding, and therefore reversed the decisions of the lower tribunals.

Where, as here, it clearly appears that the party first to conceive the invention was in good faith engaged in perfecting it at the time his adversary entered the field, that party should not be deprived of the fruits of his discovery because his efforts were not as successful as he hoped they would be. The Assistant Commissioner reached the conclusion that Gammeter's further "experiments led to nothing so far as benefiting the public goes"; but that is not the test. The question is, whether further tests were so unnecessary as to constitute evidence of negligence or bad faith. Many times we have stated that an inventor is to be commended rather than condemned for taking reasonable time to perfect his invention, "to prevent the Patent Office from being overloaded with applications for patents for crude and incomplete devices." Griffin v. Swenson, 15 App. D. C. 135, 142.

For the reasons stated by the Examiner of Interferences and the Board of Examiners in Chief, we are clearly of the view that Gammeter was not lacking in diligence. We are satisfied from the evidence that from the date of disclosure to the time his application was filed he was proceeding with reasonable diligence to perfect and patent his invention. As stated in Woods v. Poor, 29 App. D. C. 397, there is no arbitrary rule or standard by which diligence may be measured, and each case must be considered and decided in the light of surrounding circumstances. Being fully convinced of Gammeter's good faith, we reverse the decision of the Assistant Commissioner, and award priority to him.

Reversed.